## CLARK v. UNITED STATES (two cases).
### Civ. Nos. 4094, 4095.

United States District Court
N. D. Texas, Dallas Division.
Sept. 28, 1951.

Dick P. Wood, Dallas, Tex., for plaintiff.

Frank B. Potter, U. S. Atty., Fort Worth, Tex., for defendants.

ATWELL, Chief Judge.

The above two cases were consolidated and tried as one case, since they are husband and wife.

I find the facts to be as alleged in the stipulation.

I further find that the assessment made against the plaintiffs in each of these consolidated cases was based upon the fact that the taxpayer did not list the amount which was the basis of the assessment, and which he had paid, over the ceiling price for automobiles.

I find that such amount of assessment, and such amount of payment, was that sued for by each of the plaintiffs, and that legal application, or claim, for its return has been made prior to the filing of the suits.

I find as a conclusion of law that such amount as the plaintiff paid in the conduct of his business, which was community business shared in by himself and his wife, and that business was the basis of the income tax paid by each of them and which, in a number of instances, as shown by the assessment and the stipulation of facts, was denied by the Commissioner because such payment for cars violated the ceiling price.

As a conclusion of law in each case, I find that that assessment of the Commissioner was erroneous.

There is no similarity between wages which are denied, and this case, if paid above the ceiling amount. There is no such Act of Congress relating to the purchase of property such as is here involved. Congress gave authority to deny deductions of such wages, but has not so acted as to the purchase of cars above the ceiling.

The Constitution permits the levy of an income tax upon income. Such income may arise from gambling. Such income may arise from other things that are unlawful. It doesn't make any difference; the Government is entitled to its tax on an income, but this gentleman did not make income because he paid more for his property than Congress had fixed, or the Administrator, under the Price Control Act, 50 U.S.C.A. Appendix, § 901 et seq. had fixed, for the articles which he bought, but Congress fixed no penalty, except the penalties in that law, and such penalties do not include the denial of the same by the taxing department; therefore, gentlemen, judgment, which I have already said, goes for the amount sued for, with interest from December 12, 1947, and the Collector is not sued here, so you do not need a Certificate.